IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LM GENERAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 21-CV-572-SMY |
| vs. | ) ) |
| EFREN PACHECO, TINA PACHECO, ASHLEY ROSS, ARAJAH WHITE, ZAMARIA COLLINS, TAMIKA A. PRUITT, TORI A. PRATER, ERIC J. CHARLES, MICHAEL D. ELLIS, TIMONIQUA TISHAY ELLIS, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## **ORDER AND JUDGMENT OF DEFAULT**

This matter is before the Court on Plaintiff's motion for entry of default judgment (Doc. 47). Plaintiff ("LM") filed the instant action against Defendants on June 11, 2021, due to conflicting claims to $50,000 in policy limits (the "Proceeds") arising out of a car accident, under Auto Insurance Policy No. AOS-248-110549-40 0 9, issued by LM to Efren Pacheco and Tina Pacheco ("the Policy").

Defendants Timoniqua Tishay Ellis and Michael Ellis were served with a copy of the summons and Interpleader Complaint on June 26, 2021 (Docs. 12 and 14). Defendants Tamika Pruitt and Eric Charles were also served with a copy of the summons and Interpleader Complaint on June 28, 2021 (Docs. 11 and 13). Thus, Defendants' responsive pleading was due to be filed on or before July 19, 2021. However, Defendants Timoniqua Tishay Ellis, Michael D. Ellis, Eric J. Charles, and Tamika A. Pruitt (Defaulted Defendants) failed to answer Plaintiff's Complaint or otherwise plead, and an order of default was entered against them (Doc. 35).

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails

to do may be found in default under Federal Rule of Civil Procedure 55(a). It is in the district court's discretion whether to enter default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989).

When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). The well-pleaded allegations of a complaint relating to liability are taken as true upon default. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). LM does not claim a legal interest in the disputed funds; rather, its role is that of a disinterested stakeholder who deposited the funds with the Clerk of Court (Doc. 43). No party raised an objection to such deposit or to LM's request for dismissal from the case. Because the Defaulted Defendants have not answered or defended this action, they are not entitled to any of the Proceeds and enjoined from all future claims against Plaintiff relating to the Policy.

Accordingly, Plaintiff's Motion (Doc. 47) is **GRANTED.** Default Judgment is entered in favor of Plaintiff LM General Insurance Company and against Timoniqua Tishay Ellis, Michael D. Ellis, Eric J. Charles, and Tamika A. Pruitt. Plaintiff is discharged from any liability to Defaulted Defendants and they are enjoined from all future claims against LM and the Policy. The Clerk of Court is **DIRECTED** to enter Judgment accordingly at the close of the case.

IT IS SO ORDERED.

DATED: April 4, 2022

2022.04.04
09:58:47
-05'00'

**STACI M. YANDLE**
**United States District Judge**